UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TIM GRIMALDI, | ) | |
| | ) | |
| Petitioner, | ) | 2:10-cv-01992-RLH-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRIAN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court are motions filed by petitioner, as well as respondents' motion to dismiss the petition.

**I. Petitioner's Motions (ECF Nos. 18, 20, 21)**

Petitioner has filed two motions for an evidentiary hearing. (ECF Nos. 18 & 21). Petitioner has failed to meet the burden required of him by 28 U.S.C. § 2254(e). Therefore, petitioner's motions for an evidentiary hearing are denied.

Petitioner has filed a second motion seeking the appointment of counsel. (ECF No. 20). By order filed March 9, 2011, this Court denied petitioner's first motion seeking the appointment of counsel. (ECF No. 5). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d

425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). As determined in the order filed March 9, 2011, the petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring. Counsel is not justified in this instance. Petitioner's second motion for the appointment of counsel is denied.

**II. Respondents' Motion to Dismiss (ECF No. 15)**

On June 9, 1972, in the Clark County District Court for the State of Nevada, in Case No. C17442, a judgment of conviction for murder was entered against petitioner, pursuant to a jury verdict. (Exhibit 1).[1] Petitioner was sentenced to a term of life without the possibility of parole. (*Id.*). On February 6, 1974, the Nevada Supreme Court affirmed petitioner's conviction on direct appeal. (Exhibit 2). The Nevada Supreme Court has since dismissed petitioner's post-conviction habeas petitions as procedurally barred, specifically, the state petitions were time-barred, successive, barred by latches, and were considered an abuse of the writ, all without a showing of good cause to excuse the procedural deficiencies. (Exhibits 15, 18, 21).

Petitioner has filed eleven prior federal habeas petitions in this Court challenging his conviction in Nevada Case No. C17442, all of which have been dismissed. (Case Nos. CV-S-82-0261, CV-S-83-0186, CV-N-84-0383, CV-N-85-0566, CV-S-86-1191, CV-S-87-0656, CV-S-92-0506, CV-N-93-0241, CV-N-93-0375, 3:99-cv-00408, and 3:02-00051). As discussed below, this Court has dismissed with prejudice four of petitioner's prior federal habeas petitions. (Case Nos. CV-S-87-0656, CV-N-93-0375, 3:99-CV-00408, and 3:02-00051). The instant federal habeas petition is petitioner's twelfth federal habeas petition filed in this Court.

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 15.

2

A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. *See Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A disposition is "on the merits" if the district court either considers or rejects the claims or determines that the underlying claim will not be considered by the federal court. *See Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir. 1990). The dismissal of a first petition with prejudice because of a procedural default, and a failure to show cause and prejudice, forecloses the possibility that the underlying claims will be addressed by a federal court. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). Such a dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b). Likewise, the dismissal of a habeas petition as untimely constitutes a disposition on the merits and a further petition challenging the same conviction is "second or successive" for purposes of 28 U.S.C. § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

In case number CV-S-87-0656, this Court dismissed the federal petition with prejudice because it was procedurally defaulted. (Order, at Exhibit 10).

In case number CV-N-93-0375, by order filed April 13, 1993, this Court referenced the fact that petitioner had already previously "litigated to conclusion a federal petition for writ of habeas corpus challenging the same conviction and sentence challenged by the petition herein" (citing CV-S-87-0656). (Order, at Exhibit 14). This Court dismissed the petition with prejudice, noting that it was successive. (*Id.*).

In case number 3:99-CV-00408, on November 24, 1999, this Court filed an order dismissing the federal habeas petition with prejudice. (Order, at Exhibit 17). This Court referenced petitioner's previously litigated federal habeas actions, including CV-N-93-0375, noting that the dismissal was with prejudice, with the court having found that the petition was over twenty years old. (*Id.*). Regarding the 3:99-CV-00408 case, the Court concluded: "What was true when the Court entered

the order dismissing the 1993 petition is also true for this petition." (*Id.*). The Court dismissed the petition with prejudice as both "successive" and "delayed." (*Id.*).

Most recently, in case number 3:02-00051, this Court dismissed the petition with prejudice, finding that the petition "was filed outside the applicable statute of limitations" and "without any rationale for equitable tolling." (Order, at Exhibit 20).

Based on the procedural history outlined above, petitioner must first move in the appropriate court of appeals for an order authorizing this district court to consider his twelfth federal habeas petition pending before this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner should have made his application to the Ninth Circuit Court of Appeals before filing his current petition with this Court. As such, the instant petition is dismissed as successive and not filed in compliance with 28 U.S.C. § 2244(b)(3)(A).

Additionally, the instant petition is barred by the AEDPA's one-year statute of limitation. 28 U.S.C. § 2244(d)(1). As determined in case number 3:02-00051, the one-year statute of limitation applicable to petitioner lapsed on April 24, 1997. (See Exhibits 19 & 20). The instant petition, filed in 2010, is filed eight years more tardy than the petition considered by this Court in 2002. Petitioner makes no effort to explain why he could not have filed his federal petition in a timely manner. Petitioner has failed to allege facts that would give rise to any equitable tolling of the statute of limitations. As such, the instant petition is dismissed with prejudice as untimely, as well as successive.

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

   **IT IS THEREFORE ORDERED** that petitioner's motions for a hearing (ECF Nos. 18 & 21) and motion for counsel (ECF No. 20) are **DENIED.**

   **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 15) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

   **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

   **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

   Dated this  29th  day of November, 2011.

                                                             _____
                                                             UNITED STATES DISTRICT JUDGE